**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMMY PERKINS,<br>Plaintiff,<br>v.<br>UNIVERSITY MEDICAL CENTER (UMC),<br>Defendant. | Case No. 2:26-cv-01843-JAD-NJK<br>**ORDER**<br>[Docket No. 1] |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*.

## I. *IN FORMA PAUPERIS* APPLICATION

Plaintiff has shown an inability to prepay fees and costs or give security for them. *See* Docket No. 1. Accordingly, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

## II. SCREENING

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Pursuant to Rule 8, litigants are required to provide a short, plain statement of their claims setting forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Courts routinely reject so-called "shotgun pleadings" in which causes of action are predicated on vague reference to the earlier factual allegations. *See, e.g.*, *Lopez v. Iaela-Tokugawa*, 2025 WL 3164232, at *2 (D. Nev. Aug. 6, 2025), *adopted,* 2025 WL 3162016 (D. Nev. Nov. 10, 2025). Although the pleadings of *pro se* litigants are construed liberally, they must still comply with this requirement. *E.g.*, *Montgomery v. Las Vegas Metro. Police Dep't*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint sua sponte. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*, 599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).

Plaintiff's complaint fails to comply with Rule 8. The complaint routinely refers to "Defendants" in the plural form despite identifying only a single defendant in the complaint. *See* Docket No. 1-1 at 1-6. Simply lumping together different defendants is impermissible. *See, e.g.*,

*Cai v. Enterprise Leasing Co.-W. LLC*, 2024 WL 810885, at *2 (D. Nev. Feb. 27, 2024) (collecting cases). Further, each cause of action fails to provide a short, plain statement of the claim and makes vague references to the earlier factual allegations. *See id.* at 2 ("[t]he hostile, defensive, and fabricated actions taken by UMC hospital staff…").

In short, the complaint does not set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. Nonetheless, the Court will provide leave to amend.

## III. MOTION TO SEAL THE CASE

Plaintiff also filed a motion to seal the case. Docket No. 1-3. Plaintiff submits that this case involves highly confidential, sensitive, and private medical records, including private clinical data regarding his acute health conditions. *Id.* at 1. Further, Plaintiff submits that the public disclosure of these personal medical details would cause severe distress and deeply harm his emotional and psychological well-being. *Id.* Additionally, Plaintiff requests that access to these records be restricted strictly to the parties involved in this litigation and further asks the Court to protect his privacy rights under federal guidelines and to preserve his mental peace. *Id.*

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g.*, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. Documents filed in relation to a dispositive matter may not be sealed absent a specific showing of compelling reasons. *Id.* at 1179-80. Either good cause or compelling reasons must be established through an evidentiary showing, generally a declaration based on personal knowledge. *See, e.g.*, *Henderson v. Aria Resort & Casino Holdings, Inc.*, 2023 U.S. Dist. LEXIS 113167, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases and applying the more lenient good cause standard). A request to seal must be "narrowly tailored" to remove from the public sphere only material warranting secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*,

331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

As a threshold issue, Plaintiff's motion fails to address either the good cause or compelling reasons standards for sealing documents. *See* Docket No. 1-3. Further, Plaintiff's argument is unavailing because the complaint does not involve his private medical records or mention his personal medical details. *See* Docket No. 1-1. Additionally, from Plaintiff's allegations, it appears that he was not the patient being treated during the subject incident; therefore, it is unclear how this case involves Plaintiff's medical records. *See id.* at 1 ("Plaintiff was present at UMC … to provide moral, emotional, and physical support to a patient").

Accordingly, the Court **DENIES** Plaintiff's motion to seal the case. Docket No. 1-3. To the extent Plaintiff seeks to file documents under seal moving forward, Plaintiff must address the appropriate standard, make a particularized showing as to each document at issue, and address whether any confidential information can be easily redacted.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (Docket No. 1) is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.
2. The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket. The Court **DISMISSES** the complaint with leave to amend.
3. Plaintiff's motion to seal the case is **DENIED**. Docket No. 1-3. The Clerk's Office is **INSTRUCTED** to unseal this case.
4. Plaintiff will have until **August 17, 2026**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is

informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

5. **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED

Dated: July 17, 2026

Nancy J. Koppe
United States Magistrate Judge